Kaye, J.
(concurring). The dissent at the Appellate Division poses a question which to my mind should not be left unanswered: "Upon this record should not the legislative judgment of the Town Board be sustained?” (105 AD2d 46, 60.) The issue of facial invalidity of the Oyster Bay ordinance is, after all, reached only after a plenary trial establishing that the six plaintiffs now prevailing in this action are not aggrieved by what this court identifies as the unconstitutional feature of the statute — an overrestrictive definition of family which fails to provide for households functionally equivalent to a family. As the trial established, in the present case plaintiffs’ living arrangements have "the look of a rooming house operation, rather than a functional family”. (105 AD2d, at p 64.) The ordinance thus could be constitutionally applied to them, but not to other persons — not before us — who maintain a family-like living arrangement. Although I join in the majority’s opinion, I write separately in an effort to explain why I join in reaching the issue of facial invalidity as to plaintiffs who suffer no in-fact injury from the unconstitutional feature of the statute.
Ordinarily, of course, "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court” (Broadrick v Oklahoma, 413 US 601, 610). For this reason, even where a litigant may suffer in-fact injury as the result of the application of a statute we have generally refused to consider the question whether a statute is unconstitutional on its face where it is constitutional as applied to the party challenging it (see, Matter of Daniel C., 99 AD2d 35, 42, 72 [dissent], affd 63 NY2d 927). "One who challenges the constitutionality of a statute is required to establish that the enactment as applied to him violates a constitutional norm” (People v Parker, 41 NY2d 21, 24).
There are, however, several exceptions to this general rule (see, People v Parker, 41 NY2d 21, 24-25, supra), at least one of which to my mind may be applied here. "[A] party may challenge the validity of a statute on its face by asserting the *553 rights of others if individual applications cannot be meaningfully separated from one another.” (Tribe, American Constitutional Law § 3-26, at 106.) Here, the unconstitutional feature of the statute cannot be eliminated without rewriting the statute (see, Aptheker v Secretary of State, 378 US 500, 515; cf. Matter of Daniel C., 99 AD2d, at p 43, supra). Moreover, although we have not hesitated to sever an invalid portion of a statute and preserve the remainder where " 'the legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded’ ” (Matter of Westinghouse Elec. Corp. v Tully, 63 NY2d 191, 196, quoting People ex rel. Alpha Portland Cement Co. v Knapp, 230 NY 48, 60), here we cannot say what would be the legislature’s wish. The surrounding communities, in their analogous regulations, have taken different approaches to serve the same general objective as the ordinance under consideration.
Chief Judge Wachtler and Judges Jasen, Meyer, Kaye, Alexander and Titone concur with Judge Simons; Judge Kaye concurs in a concurring opinion in which Judges Jasen and Titone also concur.
Order affirmed, with costs.